**United States District Court**
**Southern District of New York**
_____

**UNITED STATES OF AMERICA**

      **- against -**                                 **06 Cr. 481 (JGK)**

**JASON PONDER,**                             **MEMORANDUM OPINION AND ORDER**

                **Defendant.**
_____

**JOHN G. KOELTL, District Judge:**

The defendant Jason Ponder has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) based on recent amendments to the United States Sentencing Guidelines that lowered the sentencing ranges for offenses involving crack cocaine.

A court may modify the term of a sentence already imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2). As a general matter, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C.

1

§ 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1). However, "[a] reduction in [a] defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Supreme Court has recently explained that § 3582(c)(2) proceedings are not governed by United States v. Booker, 543 U.S. 220 (2005), and therefore, the Sentencing Commission's policy statement as announced in U.S.S.G. § 1B1.10 is binding on the Court. See Dillon v. United States, 130 S. Ct. 2683, 2692-93 (2010).

In this case, the Court adopted the Guidelines range based on the Career Offender Guideline pursuant to U.S.S.G. § 4B1.1. See Dec. 7, 2007 Tr. at 30 (adopting Guideline Sentencing Range of 262 to 327 months, based on the Career Offender Guideline). There is nothing in the sentencing transcript that indicates directly that Sections 2D1.1 or 1B1.10, which were amended by the recent crack cocaine amendments, were applied in this case. However, the defendant's counsel did argue that the Court should depart downward and sentence the defendant as if the § 4B1.1 career offender enhancement did not apply. See, e.g., Dec. 7, 2007 Tr. at 8-9. Moreover, at the sentencing, the Court noted that the defendant's criminal history level would be a VI even

2

without the career offender enhancement, but that the enhancement "increase[s] the defendant's offense level from 27 to 34 and increases the advisory guidelines range from a range of 130 months to 162 months to a range of 262 months to 327 months." Dec. 7, 2007 Tr. at 31. And the base offense level of 27, which corresponded to the 130 months to 162 months range, was based on § 2D1.1. See PSR at 9-10. The Court went on to explain that "[a] sentence of the magnitude of that provided for by the career offender sentencing range is much in excess of a sentence that is sufficient but no greater than necessary to meet the need of deterrence and protection of the public." Dec. 7, 2007 Tr. at 32. The Court ultimately imposed a sentence of 150 months. Dec. 7, 2007 Tr. at 34.

In a line of cases beginning in 2009, the Court of Appeals for the Second Circuit explained that "a defendant who was designated a career offender but ultimately explicitly sentenced based on a Guidelines range calculated by Section 2D1.1 of the Guidelines is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the crack amendments." United States v. McGee, 553 F.3d 225, 230 (2d Cir. 2009) (per curiam). "In McGee, the sentencing court made clear at the original sentencing hearing that it had departed downwards from the career offender guideline range 'to the level that the defendant would have been' if he had not been designated a career offender based on

3

its conclusion that the defendant's criminal history was insufficiently extensive to warrant that designation." United States v. Swint, 442 F. App'x 614, 616 (2d Cir. 2011) (summary order) (quoting McGee, 553 F.3d at 227). By contrast, when a defendant's sentence is "not based on a Guidelines range that has been 'subsequently . . . lowered' by the Sentencing Commission," but rather based on the § 4B1.1 Career Offender Guideline, then the defendant is not eligible for a reduced sentence. United States v. Martinez, 572 F.3d 82, 84 (2d Cir. 2009) (per curiam).

The issue under these cases, in other words, was whether the defendant's ultimate sentence was "based on," or "premised on," a Guidelines range that had been modified. See, e.g., United States v. McPherson, 435 F. App'x 17, 18 (2d Cir. 2011) (summary order) (remanding to the district court to clarify whether the "sentence was in fact premised on the crack cocaine guidelines"); cf. United States v. Rivera, 662 F.3d 166, 177 (2d Cir. 2011) ("If a subsequently-lowered guideline 'was a relevant part of the analytic framework the judge used to determine the sentence,' the relevant statutory and Guidelines provision require that a § 3582(c)(2) proceeding be available to allow the sentencing court the opportunity to remedy an injustice." (quoting Freeman v. United States, 131 S. Ct. 2685, 2693 (2011)).

Moreover, under these cases, the Guidelines range that the Court initially determined to be applicable was not necessarily the relevant Guidelines range for § 3582(c) purposes. See id. at 179-180 ("[C]ommon sense suggests that in deciding whether 'the guideline range applicable to the defendant has subsequently lowered,' a court should focus on the range that was actually applied by the sentencing judge to the defendant, even if, as in this case, that range differs from the one that was the starting point of initial sentencing proceeding. . . . When Rivera was sentenced, the offense guideline and the career offender guideline were both interim steps in the sentencing calculus, the end result of which was the lower range to which the sentencing judge departed. Thus, the applicable range at Rivera's sentencing was the career offender range, but the applicable range for his 3582(c)(2) proceeding is the range on which the sentencing judge actually based his sentence.").

However, this line of cases has been abrogated in certain crucial respects. The Sentencing Commission recently amended § 1B1.10 to define 'applicable guideline range' as the range determined at sentencing "before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 App. Note 1(A); see Rivera, 662 F.3d at 183-84 (noting "the amendments to § 1B1.10, which abrogate the law of this and certain other circuits"); Swint, 442 F. App'x at 617 n.* ("This

5

Amendment may preclude sentencing modifications of the sort approved in McGee and in this appeal."); see also 76 Fed. Reg. 41,332, 41,334 (July 13, 2011) ("[T]he amendment adopts the approach of the Sixth, Eighth, and Tenth Circuits and amends Application Note 1 to clarify that the applicable guideline range referred to in 1B1.10 is the guideline range determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."). This amendment went into effect on November 1, 2011; the defendant's current motion was filed over a month later.

Because the amended § 1B1.10 was in effect at the time of the defendant's motion, and because in § 3582(c) proceedings the Guidelines are not advisory, see Dillon, 130 S. Ct. at 2693, it is plain that the "applicable guideline range" in this case for the purposes of § 1B1.10 was 262 to 327 months, the range that was based on the Career Offender Guideline pursuant to § 4B1.1, notwithstanding the Court's subsequent variance or the reasoning for that variance. Because § 4B1.1 was not modified by the crack cocaine amendments, the amendments to the Guidelines relating to crack cocaine did "not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B), and the defendant is not eligible for resentencing. Moreover, the defendant may not argue that he is

6

eligible for resentencing because the applicable Guidelines range in his case was indirectly based on the underlying crack cocaine offense. See Martinez, 572 F.3d at 85 ("[A] defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines.").

Accordingly, the motion for a reduction in sentence is denied. The Clerk is directed to close Docket No. 114.

SO ORDERED.

Dated: New York, New York
May 3, 2012

John G. Koeltl
United States District Judge